WOOD *et al.*, Respondents, v. STEAMBOAT FLEETWOOD, Appellant.

1. The act concerning boats and vessels (R. C. 1845, p. 180) applies to boats and vessels owned in sister states as well as to those owned in Missouri. (Yore v. Steamboat C. Bealer, 26 Mo. 426, affirmed.)

2. Where the rate of freight inserted in a dray ticket is "30 cents per hundred" and the clerk of a steamboat signs the same by mistake or oversight, and the shipper of the goods at the time he puts the same on board for transportation has no knowledge of the mistake, and when it is discovered refuses to pay a higher rate of freight and demands his goods of the boat, and its officers fail to re-deliver the same, and transport them to their place of destination, they will not be entitled to demand in behalf of the boat more than 30 cents per hundred.

*Appeal from St. Louis Court of Common Pleas.*

This case has heretofore been twice before the supreme court. (See 19 Mo. 529; 22 Mo. 569.) On the last trial the court, among other instructions given and refused, gave the following at the instance of the plaintiffs: "1. If the jury believe from the evidence that the rate of freight was inserted in a dray ticket, and said ticket was afterwards signed by the clerk by mistake or oversight and the freight taken on board, the plaintiffs having no knowledge of such mistake or oversight at the time such freight was taken on board of the boat, but on the discovery of said mistake plaintiffs demanded the freight to be put ashore before the boat left, and the defendant refused to put it ashore, and brought the same to the place of destination, the bringing of such freight under the circumstances was an acceptance on the part of defendant of the contract contained in said dray ticket. 2. If the jury believe from the evidence that the rate of freight was inserted in a dray ticket at thirty cents per hundred, and that said ticket was afterwards signed by the clerk of defendant through mistake or oversight and the malt taken on board of the defendant, the plaintiff having no knowledge or notice of such mistake or oversight at the time such malt was taken on board of the defendant, and that

---

---

plaintiff, when informed of such mistake or oversight and that more than thirty cents per hundred would be charged by defendant as freight money, refused to agree to pay more than thirty cents per hundred and demanded the re-delivery of the malt to them, and if the defendant refused or failed to re-deliver the same and brought it to the place of destination, then the bringing of the malt to St. Louis by the defendant, under the circumstances, was an assent or agreement by the defendant to transport the malt at the rate of thirty cents per hundred."

*Knox & Kellogg*, for appellants.

I. As the owners of the boat resided out of the state, the court had no jurisdiction. (1 Newb. Adm'y, 101, 296, 443 ; Conck, Adm'y, 32, 370, 450 ; 13 How. 101, 283 ; 12 How. 443, 466 ; 5 How. 441.)

II. The first and second instructions given by the court should have been refused. There was no evidence of any demand to put the freight ashore. The verdict was against the evidence and the instructions.

*R. T. & J. R. Barrett*, for respondents.

RICHARDSON, Judge, delivered the opinion of the court.

This suit was brought under our statute concerning boats and vessels for the breach of a contract of affreightment made in Pittsburgh and to be performed in St. Louis, where the cause of action accrued. It was shown that at the date of the contract and from thence continuously to the time of the institution of the suit the owners of the defendant were non-residents of this state, and it is insisted that this fact of itself defeated the jurisdiction of our courts. The same question arose in the case of Yore v. Steamboat C. Bealer, decided at this term, in which it was held that boats navigating the waters of this state, no matter where the owners reside, are rightfully within the provisions of our law and stand in our courts on the footing of domestic vessels.

There was evidence to warrant the first and second instructions asked by the plaintiff and given. The drayman testified that as agent of the plaintiff he delivered the malt to the boat, and that the disagreement in reference to the price did not occur until after the malt was on board and he had requested the clerk to sign a bill of lading. Under all the circumstances his relation to the transaction was such as to authorize him to speak on that occasion for the plaintiffs, and if the freight was taken under a mutual mistake the defendant should have re-delivered it or carried it at the price mentioned in the dray ticket.

The judgment will be affirmed, the other judges concurring.